UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CORNELL SMITH,

               Plaintiff,

v.                                          Case No. 25-cv-855-pp

NICHOLAS SANCHEZ, *et al.*,

               Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

      Plaintiff Cornell Smith, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that his civil rights were violated. Dkt. No. 1. He also sought leave to proceed without prepaying the filing fee. Dkt. No. 2.

      The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the opportunity to proceed with his lawsuit without prepaying the full case filing fee, if he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the filing fee over time, through deductions from his institutional trust account. Id.

      That said, if an incarcerated plaintiff previously has filed more than three complaints or appeals that were dismissed as frivolous or malicious or for

failure to state a claim upon which relief can be granted, the law requires the plaintiff to prepay the entire $405 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). This provision of the law is commonly known as the "three-strikes" provision; an incarcerated plaintiff is said to have "struck out" once he has accrued three dismissals under this rule.

The plaintiff has struck out. Court records show that the plaintiff has accumulated at least three strikes. See Smith v. Winning, Case No. 93-cv-1009, Dkt. Nos. 11, 22 (E.D. Wis. July 5, 1994) (dismissed for failure to state a claim); Smith v. Huibregtse, Case No. 00-cv-1117, Dkt. No. 14 (E.D. Wis. June 6, 2001) (dismissed as frivolous); Smith v. Erickson, Case No. 13-cv-600, Dkt. Nos. 6, 29 (W.D. Wis. Aug. 16, 2016) (dismissed for failure to state a claim).

The plaintiff may proceed without prepaying the full filing fee only if he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). The Seventh Circuit Court of Appeals has cautioned district courts that in deciding whether a plaintiff has made this showing, they must not evaluate the seriousness of a plaintiff's claims. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2002). But "it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." Taylor v. Watkins, 623 F.3d 483, 485 (7th Cir. 2010). Courts routinely deny requests to proceed without prepaying the full filing fee when the imminent danger allegations are "conclusory or ridiculous" or where they concern only past injuries. Id. (quoting Ciarpaglini, 352 F.3d at 330–31) (explaining that "the harm must be imminent or occurring at the time the complaint is filed"). In short, "[t]he 'imminent

danger' exception to §1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)).

The plaintiff recently filed another complaint that this court determined failed to satisfy the exception in §1915(g) because it did not allege that the plaintiff was in imminent danger of serious physical injury. See Smith v. Sanchez, Case No. 24-cv-1445, Dkt. No. 4. The court summarized the plaintiff's allegations in that complaint:

> The complaint alleges that sometime between 2005 and 2013, the wardens of three Wisconsin correctional institutions "had a meeting of the minds" and agreed to silence the plaintiff from filing grievances or lawsuits. The plaintiff alleges that over the next several years, numerous prison officials harassed him, belittled him, issued him false conduct reports, denied him medication and otherwise mistreated him. The complaint alleges that "in 1990 thur 2025 [*sic*]," the warden at Waupun "was finally forced to admitted that they have been poisioning [*sic*] incarcerated Persons' including the Plaintiff's [*sic*] for decades with contaminated water."

Id. at 3 (internal citations omitted). The court added in a footnote that the plaintiff's allegations "appear to have been the basis for the plaintiff's most recent previous lawsuit in this district." Id. at 3, n.1 (citing Case No. 21-cv-242, Dkt. No. 124 at 2 (describing the plaintiff's claims as involving "an incident that occurred years ago and an undefined conspiracy amongst three different wardens that allegedly spans multiple decades")).

The court went on:

> The plaintiff says he filed a lawsuit about these concerns, which was assigned to Judge Griesbach in the Eastern District of Wisconsin. He claims that Judge Griesbach "committed Judicial Misconducts

> when screening the Plaintiff's pleadings" and "used badlaws [*sic*]" to justify dismissing his case. The complaint alleges that from 2021 through 2022, while the plaintiff was litigating his case before Judge Griesbach, attorneys for the State of Wisconsin conspired against the plaintiff to obfuscate his case and prevent him from prosecuting it. The plaintiff claims that as he was attempting to appeal his dismissed case, prison officials (and Judge Griesbach) harassed him, retaliated against him, tampered with his mail and issued him false conduct reports to prohibit him from appealing. The plaintiff claims that the defendants violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments.

Id. at 3–4 (internal citations omitted).

The court determined that the plaintiff's complaint did "not allege that he is in imminent danger of serious physical injury" and instead involved allegations of "past harm that began as early as 1990 and allegedly spanned decades, including during his litigation of a previous lawsuit before Judge Griesbach." Id. at 4. The court found that these "allegations of past harm do not satisfy the exception in §1915(g)." Id. (citing Ciarpaglini, 352 F.3d at 330–31). The court said that even if the plaintiff's "allegations involved ongoing harm, the plaintiff alleges that prison officials harassed him, tampered with his mail, charged him with false conduct reports and other misconduct." Id. But none of those allegations "suggest that he is in imminent danger of serious physical injury, which is what he must prove to be allowed proceed without prepaying the filing fee under 28 U.S.C. §1915(g)." Id. The court denied the plaintiff's motion to proceed without prepaying the filing fee and ordered him to pay the full $405 filing fee to proceed in the case. Id. at 4–5. When the plaintiff failed to pay that fee, the court dismissed the case without prejudice. Case No. 24-cv-1445, Dkt. No. 16.

The court has detailed the plaintiff's previous case and the court's order at length because the complaint that the plaintiff filed in *this* case is functionally identical to the complaint he filed in the previous, now-dismissed case. Although the specific allegations are different, the plaintiff again alleges myriad instances of misconduct by dozens of prison officials (and a district judge) over the last twenty years. The complaint names nearly all the same defendants, including Judge Griesbach. Dkt. No. 1 at 1–2. The plaintiff says that prison officials violated his and other incarcerated persons' rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments by providing improper medical treatment, denying incarcerated persons' right to access the courts, retaliating against incarcerated persons, abusing their authority, using excessive force, denying him a prison job and denying him due process of law. Id. at ¶¶2–28. Many of these allegations are similar or identical to the ones he alleged in his previous complaint.

The plaintiff realleges that "[i]n 2021 thur [*sic*] 2024," Judge Griesbach "biasly [*sic*] recklessly erroneously committed misconducts [*sic*] against the Plaintiff's [*sic*] [and] exceeded his or its jurisdiction when screening the Plaintiff's civil rights complaint." Id. at ¶29. He again says that Judge Griesbach based his decision "upon badlaws [*sic*]" and "aid[ed] and abetted the Defendants' crimes against the Plaintiff's [*sic*]." Id. He claims that attorneys for the defendants submitted "falsed [*sic*], unreliable, untrustwortyh [*sic*] evidence," yet Judge Griesbach "abused" and "exceeded his or it's [*sic*] jurisdiction" and granted the defendants' motion for summary judgment. Id. at

¶¶30–31. He again asserts that Judge Griesbach attempted to thwart him from filing an appeal "because he did not wanted [sic] the appeallant [sic] court to get wise of his participation in criminal activity with the Defendants' and their attornies [sic]." Id. at ¶31. The plaintiff says that various defendants continued to retaliate against him, forced him to pay his outstanding filing fees and took money from his trust account to keep him from appealing to the Seventh Circuit Court of Appeals. Id. at ¶¶32–34.

The plaintiff then alleges that this court abused its discretion when it dismissed Case No. 24-cv-1445 "for failured [sic] to pay the court's costs and filing fee." Id. at ¶35. The plaintiff says that other defendants "attempted to lured [sic] him into refiling his lawsuit . . . so that he could incuur [sic] another court cost and filing fee that would've ended his lawsuit permanetly [sic]." Id. He says that the defendants continue to abuse their authority, deny him access to the courts and deprive him of money from his trust account. Id. at ¶36.

For the same reasons that the court explained in the order in Case No. 24-cv-1445, the plaintiff's complaint in *this* case does not allege that he is in imminent danger of serious physical injury. His allegations again involve alleged past harm that occurred from 2005 through 2025, including during his past litigation before Judge Griesbach and before this court in 2025. Allegations of past harm do not satisfy the exception in 28 U.S.C. §1915(g). See Ciarpaglini, 352 F.3d at 330–31. Nor do any of the plaintiff's sprawling allegations suggest that he is in imminent danger of serious *physical* injury. He alleges that prison officials have harassed him, denied him due process and

6

Case 2:25-cv-00855-PP    Filed 07/22/25    Page 6 of 8    Document 14


conspired to keep him from filing complaints, lawsuits and appeals. These allegations do not satisfy the requirements to proceed under §1915(g).

The plaintiff also states in his complaint that he is "challeging [sic] §1915(g)" under the "Fundamental Liberty interest standards." Dkt. No. 1 at 13. The plaintiff says that the defendants' actions have "personally[,] physically, emotionally as well as psychologically injuried [sic]" him. Id. As the court has explained, the plaintiff has accumulated at least three strikes, so §1915(g) prohibits him from proceeding without prepaying the full filing fee unless he shows that he is in imminent danger of serious physical injury. The plaintiff has not provided any facts or evidence showing that he has not accumulated at least three strikes, nor does he elaborate on his "challenge" to the validity of §1915(g). Even if the plaintiff had properly supported his challenge, the Seventh Circuit Court of Appeals has held that the three-strikes provision of §1915(g) is constitutional. See Lewis v. Sullivan, 279 F.3d 526 (7th Cir. 2002).

The complaint does not allege that the plaintiff is in imminent danger of serious physical injury. The plaintiff seeks injunctive relief and monetary redress for numerous instances of alleged *past* mistreatment, including from this court and another judge in this district, numerous prison officials and their attorneys. These allegations do not satisfy the exception in §1915(g). The court will deny the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2. If the plaintiff wishes to proceed in this case, he must prepay the full $405 filing fee.

The court **ORDERS** that the plaintiff's motion to proceed without prepayment of the filing fee is **DENIED**. Dkt. No. 2.

The court further orders that the plaintiff must prepay the $405 filing fee by the end of the day on **September 25, 2025**. If the court does not receive the full filing fee by the September 25, 2025 deadline, the court will dismiss this case without prejudice and without further notice to the plaintiff.

Dated in Milwaukee, Wisconsin this 22nd day of July, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**