UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORNELL SMITH,

                      Plaintiff,

v.                                                                     Case No. 25-cv-855-pp

NICHOLAS SANCHEZ, *et al.*,

                      Defendants.

---

**ORDER DENYING PLAINTIFF'S PETITION FOR WAIVER OF FEES (DKT. NO 15), DENYING PLAINTIFF'S MOTION TO HOLD DEFENDANTS IN CONTEMPT OF COURT (DKT. NO. 16), DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER OR PERMANENT INJUNCTION (DKT. NO. 17), DENYING PLAINTIFF'S MOTION OF OBJECTION (DKT. NO. 23) DENYING PLAINTIFF'S MOTION FOR DISTRICT TO TAKE JUDICIAL NOTICE (DKT. NO. 25) AND DISMISSING CASE WITHOUT PREJUDICE**

---

On July 22, 2025, the court issued an order denying plaintiff Cornell Smith's motion for leave to proceed without prepaying the filing fee because he has accumulated three strikes, and because his complaint did not allege that he is in imminent danger of serious physical injury. Dkt. No. 14. The court ordered that if the plaintiff wanted to proceed with this lawsuit, he must prepay the full $405 filing fee by September 25, 2025. Id. at 8. The court advised the plaintiff that if the court did not receive the filing fee by September 25, 2025, the court would dismiss this case without prejudice and without further notice. Id.

The September 25, 2025 deadline has passed, and the court has not received the $405 filing fee. Instead, the court has received several motions and

other filings from the plaintiff. These motions largely repeat arguments that the plaintiff raised in his previous case before this court, Smith v. Sanchez, *et al.*, Case No. 24-cv-1445-pp. For the same reasons the court explained to the plaintiff in his previous case, none of the plaintiff's motions provides a reason to excuse him from paying the $405 filing fee or to allow him to proceed in this case.

First, on August 7, 2025, the court received from the plaintiff a Petition for Waiver of Fees and Costs and Declaration of Indigency that is used for cases in Wisconsin state courts. Dkt. No. 15. The plaintiff checked a box stating that he is indigent and is unable to pay "any filing and service fees." Id. In its July 22, 2025 order, the court denied the plaintiff's request to proceed in this federal court without prepaying his filing fee, because he has accumulated three strikes under 28 U.S.C. §1915(g). Dkt. No. 14 at 7–8 (citing Dkt. No. 2). For the same reasons stated in that order, the court will deny his petition to waive his fees and costs.

Next, on August 7, 2025, the court received from the plaintiff a motion to hold the defendants in contempt of court. Dkt. No. 16. This seventeen-page motion asserts that prison officials "have secretly created without the knowledged [sic] of the Plaintiff's [sic]" a private trust fund account from which he asked officials to withdraw $493.25 to pay the $405 filing fee in compliance with the court's previous order. Id. at 2. The plaintiff asserts that the defendants "falsely stated that no such privated [sic] trust funds account exiost [sic]." Id. He accuses the defendants of violating his First, Fifth and Fourteenth Amendment

rights by conspiring to retaliate against him, seizing his money and prohibiting him from accessing the court. Id. The court previously rejected a similar argument that the plaintiff raised multiple times and stated in various ways in his previous case before this court. See Case No. 24-cv-1445, Dkt. Nos. 16 at 2 (citing Dkt. No. 9), 19 at 3–4, 21 at 4. The court will not revisit this argument for a fourth time. As the court has told the plaintiff, "His allegations and speculation are not enough to entitle him to relief from the judgment, no matter how he describes this claim." Id., Dkt. No. 21 at 4.

Also on August 7, 2025, the court received from the plaintiff a request for a temporary restraining order (TRO) or permanent injunction against Secretary of the Wisconsin Department of Corrections, Jared Hoy. Dkt. No. 17. The plaintiff's motion is fifteen pages long, and he submitted 143 pages of exhibits in support. Dkt. No. 18. He also submitted a proposed order to show cause and TRO and a declaration in support of the motion. Dkt. Nos. 19, 20. It appears that much or most of this document restates the same claims as the plaintiff's complaint and his motion to hold the defendants in contempt of court. The court will not wade through these filings because it is certain that the plaintiff cannot meet the first requirement for a TRO or preliminary injunctive relief—showing that his underlying case has some likelihood of success on the merits. See Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). For the reasons the court explained in the July 22, 2025 order, the plaintiff may not proceed in this case unless he pays the full $405 filing fee. He has not paid that fee, so he may not proceed. That means he has *no* likelihood of success on the merits of the case

3

Case 2:25-cv-00855-PP    Filed 10/08/25    Page 3 of 7    Document 27

and is not entitled to injunctive relief. Because the plaintiff cannot demonstrate a likelihood of succeeding on the merits of his case, the court will not address the other prerequisites to obtain a preliminary injunction. See Cassell v. Snyders, 990 F.3d 539, 544–45 (7th Cir. 2021) (citing Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc., 549 F.3d 1079, 1086 (7th Cir. 2008), abrogated in part on other grounds by Ill. Republican Party v. Pritzker, 973 F.3d 760, 762–63 (7th Cir. 2020).

On September 2, 2025, the court received from the plaintiff the same "motion of objection" that he filed in Case No. 24-cv-1445. Dkt. No. 23. The court will not revisit this motion or its analysis from the prior case and will deny the motion for the same reasons explained in the court's order in Case No. 24-cv-1445. See Case No. 24-cv-1445, Dkt. No. 21.

Finally, on September 15, 2025, the court received from the plaintiff a motion asking the court "to take Judicial notice of Adjudicative facts" under Federal Rule of Evidence 201. Dkt. No. 25. This motion reiterates the plaintiff's claim that prison officials have a secret, private financial account that they refused to allow the plaintiff to access to pay the $405 filing fee for this case. Id. at ¶1. The plaintiff then asserts that the court

> biasly clearly and erroneously abused it's discretion by excluded the Plaintiff's physical evidence attached with motion for Reconsideration that both shown and demonstrated that the wardens' Defendants' possessed the his money in the amount of $405, obtained from their illegal account used against him in a criminal complicited overt act to have his civil lawsuit permanent dismiss.

4

Id. at ¶4 (as in original). The plaintiff mentions the court's order in his previous case and the earlier motions that he filed in this case. Id. at ¶¶5–6. He accuses the court of ignoring the defendants' "criminal misconducts against the Plaintiff's [*sic*]" and abusing its discretion in dismissing his previous case. Id. at ¶7. He also again asserts that he has "constitutionally-protected liberties rights regarding access to the courts." Id. at ¶9. He closes by stating that this court has "ordered him to act outside the rulings of Congress, the Seventh Circuit Court of Appeals, and the (BOP) [*sic*]," which "created unusual circumstances" allowing him "to tap into his realease [*sic*] account to pay current(or future) litigation costs." Id. at ¶11 (quotation omitted).

In its July 22, 2025 order in this case, the court rejected the plaintiff's claim under the "Fundamental Liberty interest standards." Dkt. No. 14 at 7. The court also explained in its January 9, 2025 order dismissing the plaintiff's previous case that allowing him "to pay the full filing fee from his release account . . . would undermine the Prison Litigation Reform Act (PLRA)." Case No. 24-cv-1445-pp, Dkt. No. 16 at 3. The court will not revisit these decisions and will not allow the plaintiff to pay the $405 filing fee from his release account. He has presented no "adjudicative facts" of which the court must take notice, and the court will deny this motion.

The court will deny each of the plaintiff's motions because they raise the same arguments that the court has rejected in this case or the plaintiff's previous case before this court. Because the plaintiff has not paid the $405

filing fee and his deadline for doing so has passed, the court will enforce the July 22, 2025 order and dismiss the complaint without prejudice.

The court **DENIES** the plaintiff's petition for waiver of fees and costs. Dkt. No. 15.

The court **DENIES** the plaintiff's motion to hold defendants in contempt of court. Dkt. No. 16.

The court **DENIES** the plaintiff's motion for a temporary restraining order or permanent injunction. Dkt. No. 17.

The court **DENIES** the plaintiff's motion of objection. Dkt. No. 23.

The court **DENIES** the plaintiff's motion for the district to take judicial notice. Dkt. No. 25.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for the plaintiff's failure to pay the $405 filing fee. The clerk will enter judgment accordingly.

The court **ORDERS** that in accordance with 28 U.S.C. §1915(b)(1), the plaintiff is required to pay the full $405 filing fee. The agency that has custody of the plaintiff shall collect from his institution trust account the **$405** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Stanley Correctional Institution, where the plaintiff is incarcerated.

Dated at Milwaukee, Wisconsin this 8th day of October, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**